Court, Counsel, my name is Steve Jacobson I'm an assistant federal defender and I represent Anthony Swift in this appeal. I would like to reserve a couple minutes if I if I can and I'll try to watch the clock. This is an appeal from a conviction for Mr. Swift's being charged with being a felon in possession of a firearm under 922 G1. There are two issues briefed in the case one with regard to a suppression motion the other with regard to the sentencing and the sentencing has several issues inherent in it. My intent would be to address anything the court has particular concern over and I would not want to spend a lot of time on the search issue which I think is is adequately briefed. I could spend a brief amount of time however if the court wants to wants to direct me there. Otherwise I would like to spend time with the much more fluid area of the law I guess we could call it at this point of the Armed Career Criminal Act the punishments available under it and the constitutional cases coming down from the Supreme Court and our arguments in the briefs. The second portion of the brief makes an argument that this court should interpret the Armed Career Criminal Act to provide for grand jury indictment and trial rights with regard to the prior convictions and there are several layers to that argument. The third portion of the brief argues that quite aside from those those arguments that in this case under a straight Taylor analysis that the convictions in this case are not categorical that the two burglaries in particular are not categorical burglaries under Oregon law and secondly if we go to a modified categorical approach that there that there is not evidence in this record to sustain holding those to be valid predicates under the Armed Career Criminal Act. On that issue by the way which approach did the district court use? The district court didn't make much analysis of it simply said he was relying on circuit precedent and said that the the convictions were valid Armed Career Criminal predicates. There really wasn't a lot of discussion we presented our arguments in writing and only referred to them briefly at sentencing but it was one of them a NOLO or one was it was a guilty plea? Yes the burglary in the second degree was a guilty plea and the burglary in the first degree was part of a NOLO plea to three counts of a later indictment in 1995. The initial thing that we have to deal with in the the categorical approach is that there as government points out and as I pointed out to the court at the time of sentencing there are two cases in Oregon that happened right after Taylor Cunningham and Hunt which said Oregon burglary appears to match what Taylor's saying however if you look at those cases that there was no analysis of what the Oregon statute really said in particular no what does that mean what does that mean as far as we're concerned as far as if you're if you're correct that there's no analysis so what so what the definition so what is that the definition of building and the Oregon statute is the very kind of overbroad definition that Taylor I mean I mean so in the sense that aren't we still bound by I would argue that you're not bound by them under these circumstances a couple for a couple of reasons first they are the court did not rely on the definition of building when when doing their analysis and so it really hasn't been litigated and so that the narrow holding of those cases may simply be that those cases involved burglaries of generic buildings secondly there's there's been a wealth of litigation since then including on bank opinions not with regard to Oregon burglary but with regard to Taylor analysis that informs this court and the Ninth Circuit in general of how this analysis has to be conducted Corona Sanchez and Rivera Rivera Sanchez I think were the two cases I cited and they dealt with other California statutes but the analysis should be the same and that you really have to compare all the elements and if there's if anything that doesn't match then you have to go to the modified categorical approach the third reason is that I would submit that the shepherd opinion the separate shepherd decision last month from the Supreme Court really gives us a fresh run at this because it reiterates what was mentioned in Taylor but but brings it home strongly that burglaries of boats and vehicles and other things that don't match the Taylor definition of generic burglary are cannot be used as our criminal predicates and the Oregon statute provides clearly for let me read you the definition of building building in addition to its ordinary meaning includes any booth vehicle boat aircraft or other structure adapted for overnight accommodation of persons or for carrying on business there and by its own definition saying we don't just mean building in its ordinary sense we mean all these other things so I think why is that unconstitutional the people sleep in those $200,000 rolling houses that you see blocking the freeway all the time we're not arguing that it's unconstitutional we're arguing that's a matter of statutory construction and Taylor and Shepard burglaries of those types of structures are are not don't come under the definition of violent felony in the art for criminal act person may be convicted of them and there's public policy to criminalize the activity but the Congress didn't do so in 924 e and that's that's what Taylor says so it's I think a matter of I can see what an as applied challenge if somebody is convicted of burglary for stealing something out of a boxcar but the railroad lobby got the boxcar felony charged up so it was higher than the burglar charge so nobody ever got accused of burglary for stealing out of the boxcar but what is this it has applied or as a facial well I think that the first analysis has to be facial if the statutes aren't a generic match a and as applied or the modified categorical approach suggested in Taylor and in doing that you have to you're restricted and that's what Taylor implied and then Shepard successfully hold you're you're restricted to some very definite things sentencing are you saying that the court has to have a mini trial and find out what kind of a burglary this was I'm suggesting that the Supreme Court has allowed the lower courts to look at very specific things restricted and try not to have many trials but only rely on the indictment the judgment and others other factors of what you're what's your understanding under Shepard now what what that restricted list includes it includes the judgment the the charging document I think it can include it can include the plea a record of the plea including plea colloquy in our case in Swift we don't have that all we have is the the charging document and the judgment which doesn't say what mr. Swift in fact what else is included pardon what else is included I don't think they reach that issue and in fact the probation reports I don't I don't think Shepard reaches the issue I think that the probation reports are like police reports which were definitely kept out under Shepard and they those kinds of factually intense documents are the kinds of things that will cause the many trials that Taylor forbids and that we we shouldn't get into I see that I've almost used my time we'll give you some time for about a similar question focused on what you can look at from the modified category report suppose in the current case the defendant acknowledges in this case for example the burglary was of a residence is that good enough yes I think it definitely could be good enough in fact I mean there's some sense in which by arguing what I'm arguing that I'm going it would be upsetting the applecart to make these findings but if these things were charged in the 22 G it could be asked those questions under under this theory and could admit that as a factual matter I pled guilty to burglarizing a generic building in the past it could be done we will give you a thank you good morning your honor may have pleased the court my name is Tom Gannon from the we're in this case at the request of the United States Attorney from Oregon it seems to me mr. Jacobson described this area of the law as as fluid I think that's perhaps an overstatement I think almond or as Torres remains good law and I think Shepard confirms that it remains good law that undoubtedly people have expressed concerns in in Shepard itself justice Thomas wrote a partly dissenting opinion saying we ought to overrule almond or as Torres but the fact is the court has been invited on many occasions to overrule almond or as Torres and has not done it and therefore at the present time it's clear that a sentencing judge can determine the nature of a prior conviction and in this case what Shepard didn't and we think Shepard cuts in our favor in this case but the court said oh no you explain it to me sure your honor it what it what it said is first of all that the judge can determine whether a particular burglary is a generic burglary and therefore a violent felony within the meaning of the arm and armed career criminal act it's a district judge do that here yes hard to tell isn't well he said that that the sentencing provisions of the armed career criminal act are appropriately applied no what I mean to say is he never explained whether he was applying the categorical approach or some modified approach well we think that either approach works you know the this court has taken in Cunningham and hunt has taken a categorical approach and said and I do believe the court is bound by Cunningham and hunt until the court overrules those cases on the court on bonk overrules those cases no there's no analysis at all in the opinion just a categorical conclusion well I guess they felt it was sufficiently clear your honor I also would say this I think under the modified categorical approach and that's what Shepard is talking about the modified categorical approach a district judge in sentencing under the armed career criminal act can look at the judgment and the charging papers hypothetically suppose you know well this power to conclude well the Oregon statute doesn't meet the categorical definition right so the only way to pull this finding under the ACCA is to if it can be done under the modified approach right now I assume it's your case that whatever documents were available here to the district judge are sufficient to support a modified categorical approach type of finding in this case under Shepard that is correct would you would you lead us through that well yes the the I think it's laid out in our brief but but what you have is you have a 1988 burglary to conviction and you have a 1996 burglary one conviction and both of those the first one is the entrance into a doctor's clinic and the second well how do you know it's an entrance in the doctor's clinic because that's what's that's what's it stated in the charging papers charge that's what's charged but entrance into a doctor's clinic is not a necessary element of the offense so you know when he pleads guilty unless there's some factual colloquy like a rule 11 type of sworn statement by the defendant you know that is not enough I don't I respectfully disagree your honor I think it is enough it's it is not under Shepard many cases that say when a defendant pleads guilty he's only pleading guilty to the necessary elements of the crime yes and in Oregon and in Oregon going into a doctor's building is not a necessary element of a dock of a burglary offense well you can go into any building or any car or any boat and now that's that's not that's not quite correct your honor I think I first of all I mean again we were dealing with Cunningham and Hunt in the first instance no I'm no no I understand you now to show me what documents the judge could have relied on to find burglary under the modified approach and you said the indictment because it charges going into a doctor's office right well to the extent that that that that the Oregon statutes because of the definition of building are broader than the generic burglary crime then you can look at the charging documents to refine that and that's and that is the exact approach that the Supreme Court has documents and the judgment to determine what can you point to me along those lines yes this is one actually I have the Westlaw a portion of it but it's on page 5 of the Westlaw version I this case was of some interest because I worked on the brief for the United States we did not prevail so it was but it was a matter of some interest but what Justice Souter says is the details of a generically limited charging document would do in any sort of case and that's tell you what the defendant pleaded guilty to that's what it says I don't see where you're reading from what's the paragraph the paragraph begins the court did not however purport to limit adequate judicial record evidence strictly to charges and instructions and then there's a citation discussing the use of these documents as an example since a conviction might follow a trial to a judge alone or plea of guilt I see that right okay okay it's the last however and then in that paragraph where are you it is it is the it is it says in cases tried without a jury or in pleaded cases you know certain documents would be useful but then it says with such material in a pleaded case a later court could generally tell whether the plea had necessarily rested on the fact identifying the burglary as generic and then it says just no no but when it says with such material and pleaded case what material is it referring to well it's referring to a transcript of a plea look what it's referring to above huh a transcript of the plea colloquy that's great agreement it didn't say indictment but then it your honor if you read to the end of that last sentence it says just as the details of a generically limited charging document would do in any sort of case and that's what we're talking about here a generically limited charging document that shows that regardless of what the Oregon statutes you know that the building definition in the Oregon statutory scheme might have said here with with the charging documents and they're laid out at pages 147 through 163 of the excerpts of record this charging document talked about a generic burglary the doctor's clinic in the case of the 1998 1988 burglary to conviction and a dwelling in in the case of the 1996 burglary one conviction that's all we're saying you're on and I it's endorsed by Sheppard and it's been endorsed by this court's cases we're not I think holding out for some kind of novel interpretation of the law we're simply saying and and as and as far as that you know that the broader argument if you want to hear about that it seems to me it's clear from this court's cases a more recent cases Quintana Quintana but Summers Tige Kesey these cases they all say Apprendi and Blakely have not and and now Booker haven't changed they haven't overruled Almandara's Taurus the judge is entitled I'm going back to your reliance on the indictment right the last sentence of that paragraph yes sir right or the phrase says you know just as the details right it says of a generically limited charging document but this is not generically limited here no what I like no I think I think what it means is this is that is that is that what the charging document does in the context of a non-generic statute when it spells out that this is in fact a generic burglary that's being charged that's what it means to say a generically limited charging document that's that's our I think that's our position and I think if you if you read Justice Souter's opinion that's what he's talking about that that you've got an indictment that says whatever the statute might say this is a generic burglary and I think that's and then that's our but then that we feel that Shepard in fact confirms our position Almandara's is stood good still good law the judge can make the determination he can look at the judgment he can look at the charging document and make that make the determination well I agree with you generally and I agree with you all down the line my only question is when you get to the last part what can the judge look at I said that I'm not sure I'm sure well I think that that's spelled out I think actually at the very end of the opinion the Justice Souter in his conclusion spells out the terms of the charging document the terms of a plea agreement the transcript of a colloquy between the judge and the defendant in which the factual basis was confirmed but we didn't need to do that here because we had the charging document and we had the judgment these other things if they were missing they could you know if you didn't have the charging document and you had the plea colloquy you could make the determination with some kind of assurance that's what we're looking that's what the court was looking for here what was looking for in Shepard and they and in Shepard they said police complaints police reports complaint applications that's too far we can't go that far but they say these these matters can be considered and they were properly considered by Judge Jones here when he sentenced mr. mr. Swift and mr. Swift got a got a significant break he got a 55 month departure here because of one of the qualifying convictions looked like it was a staged robbery and not an actual robbery does the court want to hear about the detention and frisk issue well thank you very much if you have no further questions thank you thank you we'll give you two minutes thank you let me pick up the modified categorical analysis first of all the the charging document in the case does not allege a doctor's office or a clinic it just alleges a building at an address document in which case in the burglary to that was the case that I'm sorry the prior conviction the burglary to that was being discussed where the government has said that it charged a doctor's clinic it does not it charges well it does charge a building yes it charges a building located the definition of building includes all those other things so this does not limit it to generic just by stating that it's a building I also just states an address as a dwelling located at 3033 southeast 122nd that's on er 158 and dwelling is redefined under under Oregon under the statute as a building and so we have the same problem is that we can't tell generically from the charging document the case is relied on by the government to say that these charging documents and judgments can be used also have pleas in them the I don't know the Kilgore case where they just meant I'm what I'm looking at this indictment right said the defendant did unlawfully enter and remain in the building located at so-and-so yes you don't think that's clear enough to mean building in the generic sense I don't I don't believe it does because building has a statutory definition and so it could the building as I read to the court before building means in addition to its ordinary meaning all these other things and so say saying building under Oregon law doesn't tell you what kind of building or which one well if it said a building you know tied up at the dock at such-and-such appear you might think building means something well that that might help my case but I don't I don't think that would be necessary to me about as close as you can get to charge generic building what else can you say what else can the indictment say to be clear that it's we'll say the generic building you know I don't know what the custom is in the Multnomah County and for instance whether even if it's a car or both they still charge a building I have no idea do you generally the custom in places that I practiced are to plead in terms of the statute so here building is what's necessary they allege building just as in the transport sale of drug cases in Rivera Sanchez out of California they cite the general statute but but the Ninth Circuit has been clear that just citing the general statute or the language of the general statute doesn't get us to assure us charge with second-degree burglary and violation of section so-and-so period without any description what happened right wouldn't that be the charge in terms of the language well that would be a very basic way of doing it but I don't that that's not what I'm saying that's not the practice is not the Oregon way no I wanted to make one other comment if I could that the the statement that Almendares Torres is still good law I believe is belied by the decisions in Dretke versus Halley as we pointed out in our briefing and then a shepherd as I 28 J letter these cases specifically say that the Supreme Court should use the doctrine of constitutional constitutional doubt or constitutional avoidance because of the terrible problems of constitutionality and by using Almendares Torres in these other contexts so that gets the whole section to the brief which we really didn't have a chance to get to but I disagree with the government's characterization of Almendares Torres thank both counsel for their argument the case is submitted next case in this morning's calendar is Hyde versus Barnhart
judges: Goodwin, Tashima, Clifton